DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Charlotte Hall appeals her conviction of furnishing alcoholic beverages to an underage person in violation of R.C. 4301.69(A). We affirm.
 I.
On November 8, 1996, Perry Livingston, then sixteen years old, was given permission to take his parents' automobile out for the evening. Livingston picked up a friend, Nick Reeves, then fifteen years old, who asked Livingston to take him to get some beer. After failing in an attempt to obtain beer at a drive-thru convenience store, Reeves directed Livingston to Hall's house. Reeves entered the house to get Hall, while Livingston waited in the car. Reeves got into the backseat of the car and Hall got into the front seat. Livingston drove the group to a nearby convenience store, where Hall entered the store and purchased six forty ounce bottles of beer. Hall placed the beer in the backseat of the car with Reeves. Livingston drove Hall back to her house and dropped her off.
Livingston and Reeves then picked up a third friend and went to a park where they consumed the beer. After consuming most of the beer, Livingston drove Reeves home. However, just prior to arriving at Reeves' house, Livingston permitted Reeves to drive the car. Reeves, having consumed the lion's share of the beer, promptly wrecked the car.
Livingston's parents soon learned of Hall's involvement and reported Hall to the police. The next day, November 9, 1996, Livingston went to the police station and gave a statement explaining Hall's involvement. Livingston and his parents then led the police to Hall's house. Livingston waited by the street while an officer requested that Hall step out onto the front porch. When Hall stepped out onto the porch, the officer asked Livingston if Hall was the person who had purchased beer. Livingston indicated that she was. Hall was charged, tried, and convicted of furnishing Livingston with an alcoholic beverage.
 II.
Hall's first assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS ANY IN COURT IDENTIFICATION OF THE APPELLANT AS A RESULT OF THE IMPROPER SHOW UP ON NOVEMBER 9, 1996.
Due process requires that a pre-trial identification be suppressed if the procedures used were "[1] unnecessarily suggestive of the suspect's guilt and [2] the identification was unreliable under all the circumstances." State v. Waddy (1992),63 Ohio St.3d 424, 438.
The first part of this test requires that we determine whether the procedures used to make the identification were "unnecessarily suggestive." "Suggest" is defined as: "to seek to influence: * * * to mention or imply as a possibility: * * * to propose as desirable or fitting: * * * to offer for consideration or as a hypothesis." Webster's Ninth New Collegiate Dictionary (1984) 1179. Because "[t]he rationale for excluding a tainted pretrial identification is to protect the defendant from misconduct by the state," suggestive state action is required in order to violate due process. State v. Brown (1988), 38 Ohio St.3d 305,310. Therefore, in order to suppress the identification, Hall must show that the police mentioned or implied that maybe she was the person who supplied Livingston with beer.
In this case, there was nothing suggestive about the state's involvement in the identification of Hall. The police never once implied that Hall was the person who supplied Livingston with beer. The police did not know who Hall was, what her name was, or where she lived until Livingston led them to her house and identified her. The police merely followed Livingston's lead. At worst there is some indication that Livingston may have been influenced by suggestions from his parents, but, because that is not state action, it only goes to the weight and reliability of Livingston's testimony. Id. at 310-311.
Even if we were to find that there was something suggestive about this procedure, the identification was reliable under all the circumstances. In determining reliability, "[k]ey factors are the witness's opportunity to view * * * the defendant during the crime, the witness's degree of attention, the accuracy of the witness's prior description of the suspect, the witness's certainty, and the time elapsed between the crime and the identification." Waddy, supra at 439. In this case, Livingston had ample opportunity to view Hall during the crime — he was seated beside her in the car and watched her walk in and out of her house and the convenience store — he knew exactly where Hall lived, he never wavered in his assertion that Hall was the person who purchased the beer, and the identification took place the very next day.
Because the out-of-court identification did not violate due process, the in-court identification was admissible. Assignment of error number one is overruled.
 III.
Hall's second assignment of error states:
 THERE IS INSUFFICIENT EVIDENCE ON THE ISSUE OF BUYING BEER FOR PERRY LIVINGSTON TO SUPPORT A CRIMINAL CONVICTION.
Hall argues that there was no evidence that she bought beer for Livingston. Hall notes that Livingston never spoke to her, never asked her to purchase beer, and never gave her any money. Livingston testified that he never intended to drink the beer until after Hall had been dropped off at home and Reeves had talked him into it. Hall argues that this evidence properly shows only that she bought beer for Reeves, who subsequently decided, on his own, to give some of that beer to Livingston. Hall believes this is insufficient to support a conviction for furnishing beer to Livingston.
The appropriate standard of review for a challenge to the sufficiency of evidence is found in the second paragraph of the syllabus in State v. Jenks (1991), 61 Ohio St.3d 259: "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
Hall was convicted of violating R.C. 4301.69(A), which reads: "[N]o person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person."
The evidence in this case, when viewed in a light most favorable to the prosecution, shows that Livingston drove Hall to a convenience store where Hall purchased beer. Hall then put the beer in the back seat of the car that Livingston was driving and left the beer in the car with Livingston when Livingston dropped her off at home. Livingston then proceeded to consume the beer. Based on this evidence, a rational trier of fact could conclude that Hall furnished Livingston with beer.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina, Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR